**MORGAN, LEWIS & BOCKIUS LLP**
Carrie A. Gonell, Bar No. 257163
Nancy Nguyen, Bar No. 301677
Mayra Negrete, Bar No. 333491
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax:  +1.714.830.0700
carrie.gonell@morganlewis.com
nancy.nguyen@morganlewis.com
mayra.negrete@morganlewis.com

Attorneys for Defendant
TIFFANY AND COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM BERMEJO, individually, and on behalf of other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>TIFFANY AND COMPANY, a New York corporation; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.  2:21-cv-7767<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. § 1332(A)]**<br><br>Action Filed:  July 27, 2021 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tiffany and Company[1] ("Tiffany and Company" or "Defendant") removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

Removal is based on the following grounds:

**I.      PLEADINGS, PROCESS, AND ORDERS**

1. On July 27, 2021, Plaintiff Tim Bermejo ("Plaintiff") filed an unverified Complaint in the Los Angeles County Superior Court, entitled *Tim Bermejo v. Tiffany and Company, et al.*, Case No. 21STCV27417 ("Complaint").

2. The Complaint alleges causes of action for (1) unpaid overtime; (2) failure to provide all meal periods or pay a premium in lieu thereof; (3) failure to provide all rest breaks or pay a premium in lieu thereof; (4) failure to pay minimum wage; (5) final wages not timely paid; (6) wages not timely paid during employment; (7) failure to furnish accurate itemized wage statements; (8) failure to keep accurate and complete payroll records; (9) failure to reimburse business expenses; and (10) unfair business practices.

3. Plaintiff served the Complaint on Tiffany and Company on August 30, 2021.  True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

---

[1] The Complaint improperly names Tiffany and Company as a defendant.  Plaintiff was employed only by Tiffany and Company U.S. Sales, LLC ("Tiffany").  Tiffany and Company reserves any and all defenses thereto.

4. Plaintiff seeks to represent the following class and/or subclasses during the period from July 27, 2017 to the present:

- "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California."
- Subclass A: "All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all non-discretionary bonuses or other incentive-based compensation in the calculation of the regular rate of pay for overtime pay purposes."

See Ex. A, Compl. ("Compl.") ¶ 13.

5. On September 29, 2021, Tiffany and Company filed and served its Answer to the Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer is attached as **Exhibit B**.

6. **Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Tiffany and Company, or filed to Tiffany and Company's knowledge to date, in the Superior Court action.

## II. THE REMOVAL IS TIMELY.

7. This Notice of Removal is timely filed, pursuant to 28 U.S.C. 1446(b), because it is filed and served within thirty days of Tiffany and Company's receipt of Plaintiff's Complaint. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Plaintiff served his Complaint on Tiffany and Company on August 30, 2021.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

9. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

10. This action is brought by Plaintiff as a putative class action on behalf of a proposed class of more than 100 individuals. As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

11. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382, diversity of citizenship exists between one or more members of the putative class and Tiffany and Company, and, accepting Plaintiff's allegations only for the purposes of this removal, the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. Removal therefore is proper pursuant to 28 U.S.C. §§ 1446 and 1453.[2]

#### A. Diversity Of Citizenship Exists.

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[2] Tiffany and Company does not concede and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class or representative action. Tiffany and Company further does not concede the merits of any of Plaintiff's allegations or that they constitute a cause of action under applicable California law.

13. Here, all requirements are met because Plaintiff is a citizen of California and Tiffany and Company is a citizen of New York. Thus, minimal diversity exists and removal is proper.

### 1. Plaintiff Is A Citizen of California.

14. Plaintiff is, and was at the time he filed the Complaint, a citizen of the State of California. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.

15. The Complaint alleges that Plaintiff "is an individual residing in the State of California, County of Los Angeles." *See* Compl. ¶ 5. The Complaint does not allege that Plaintiff is a citizen of any other state, nor allege that Plaintiff does not have an intent to remain in California. Plaintiff is therefore a citizen of California for purposes of removal.

### 2. Tiffany and Company Is Not A Citizen Of California.

16. Tiffany and Company is, and was at the time of the institution of this civil action, a corporation formed under the laws of the State of New York with its headquarters and principal place of business in the State of New York.

17. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)). In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the

corporation's activities" (*i.e.*, the "nerve center" of the business). *Id.* at 92-93. The Court further described the principal place of business as "the place where the corporation maintains its headquarters." *Id.* at 93.

18. Tiffany and Company's principal place of business is New York because, under *Friend*, 559 U.S. at 93, its "nerve center" is located in the State of New York. Tiffany and Company's corporate headquarters is located in New York, New York. The majority of Tiffany and Company's administrative functions, corporate books, and records are in New York, New York. *Id.* Therefore, Tiffany and Company is a citizen of the State of New York under the "nerve center" test and based on its state of incorporation.

19. Although Plaintiff has listed one hundred fictitiously-named "Doe" Defendants, the citizenship of these "Doe" Defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

20. Therefore, because Plaintiff and Tiffany and Company are not residents of the same state, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B. The Proposed Class Membership is Sufficiently Large.**

21. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.

22. In the alleged Classes and/or Subclasses, Plaintiff seeks to represent all "current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California." *See* Compl. ¶ 13. According to Tiffany and Company U.S. Sales,

LLC's ("Tiffany") business records, Tiffany employed at least 1,000 non-exempt employees in California during the period from July 1, 2017 to August 1, 2021. Thus, the putative class contains more than 100 members.

### C. The Amount In Controversy Exceeds $5,000,000.

23. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of class damages, Tiffany and Company needs only to show it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Tiffany and Company's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

24. "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted); *see also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The ultimate inquiry is what amount

is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts "first look to the complaint in determining the amount in controversy").

25. Under *Dart*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal *need not* contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotations omitted) (emphasis added). The removal allegations "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019)). Where the plaintiff "could have, but did not, make more specific allegations to narrow the scale or scope of th[e] controversy," courts "have assumed 100% violation rates" based on the complaint's "sweeping allegations." *Id*. at *3. As detailed below, Tiffany and Company plausibly alleges that the amount in controversy exceeds $5 million based on Plaintiff's sweeping allegations, and that the Court has jurisdiction pursuant to CAFA. Here, the aggregated claims of the putative class members put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

26. As explained above, Plaintiff seeks to represent various Classes consisting of at least 1,000 members. Tiffany and Company has reviewed certain data concerning the putative class that Plaintiff seeks to represent. Based on the allegations in the Complaint, Plaintiff has put more than $5 million in controversy as set forth below, and CAFA removal is appropriate.[3]

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Tiffany and Company's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Tiffany and Company maintains that each of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 41574784.7

8

DEFENDANT'S NOTICE OF REMOVAL

### 1. Plaintiff's Second Cause of Action For The Failure To Provide All Meal Periods Places At Least $877,171 In Controversy.

27. Plaintiff seeks to recover meal period premiums for the Class for alleged violations of Labor Code Sections 226.7 and 512. Plaintiff alleges that Tiffany and Company's "pattern and practice involved, *inter alia*, failing to pay them for … missed meal periods… in violation of California law." Compl. ¶ 25. Plaintiff further alleges that "During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." Compl. ¶ 63.

28. Thus, taking as true Plaintiff's claim that Tiffany and Company did not provide meal breaks, putative class members would be eligible for one hour of premium pay for each day worked. *See* Compl. ¶¶ 59-60. Tiffany and Company conservatively assumes a violation rate of one missed meal breaks per biweekly pay period (in other words, once every two weeks). A conservative estimate of the number of biweekly pay periods worked by current and former employees in the putative class during the relevant four-year statute of limitations period is approximately 40,404 pay periods The weighted average hourly rate of pay for putative class members during the relevant period is approximately $21.71. Accordingly, the total meal period premiums at issue in Plaintiff's Second Cause of Action is at least **$877,171** (40,404 pay periods x 1 hour of premium pay x 1 days x $21.71 = $877,171).

---

Plaintiff's claims is without merit and that Tiffany and Company is not liable to Plaintiff or any putative class member. In addition, Tiffany and Company denies that liability or damages can be established on a class wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

### 2. Plaintiff's Fifth Cause of Action For Waiting Time Penalties Places at Least $3,605,597 In Controversy.

29. Plaintiff alleges that Tiffany and Company willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant all allegedly earned and unpaid wages at the time of discharge or within 72 hours of resignation. Compl. ¶¶ 82-87. Labor Code Section 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Plaintiff alleges that "Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees …" and that "[t]his pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks…" Compl. ¶ 25. Plaintiff further alleges that "Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." *Id.* ¶ 84. Plaintiff further alleges "Plaintiff and the other class members are entitled to recover from the Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." *Id.* ¶ 87.

30. According to Tiffany's records, the employment of at least 692 putative class members terminated more than 30 days ago and within the three years preceding the filing of Plaintiff's complaint. Based on Plaintiff's allegations of the failure to pay terminated non-exempt employees their full wages at the time of discharge, Tiffany and Company may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015); *see also Mackall v. Healthsource Glob. Staffing, Inc.*, 2016 WL

4579099 (N.D. Cal. Sept. 2, 2016) (finding that "allegations of willful failure to timely pay final wages (based on alleged overtime and meal and rest break violations)" support an estimated 100% violation rate for waiting time penalties). The putative class members earned a weighted average pay rate of $21.71 per hour. Based on Plaintiff's allegations, the total waiting time penalties at issue is at least **$3,605,597** ($21.71 pay rate x 8 daily hours x 30 days x 692 terminated employees = $3,605,597).

### 3. Plaintiff's Seventh Cause of Action For Inaccurate Wage Statements Places at Least $993,000 in Controversy.

31. Plaintiff alleges that Tiffany and Company failed to provide accurate, itemized wage statements. See Compl. ¶¶ 94-100. Specifically, Plaintiff alleges that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. These deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members. *Id*. ¶ 96. Based on these violations, Plaintiff seeks damages under Labor Code § 226(e), including actual damages. Prayer for Relief ¶¶ 40-41.

32. Labor Code Section 226(e) provides that an employee suffering injury due to an employer's knowing and intentional failure to provide a compliant wage statement as required by Section 226(a) is entitled to recover fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), plus reasonable attorney's fees and costs. Labor Code § 226(e); *Chen v. Morgan Stanley Smith Barney, LLC*, 2014 WL 4961182, at *2 (C.D. Cal. Oct. 2, 2014).

33. Here, during the one-year statute of limitations for a claim for Labor Code Section 226 statutory penalties, putative class members were subject to a bi-weekly pay period and thus issued wage statements on a bi-weekly basis. For the

time period of July 27, 2020 to September 8, 2021, Tiffany issued at least approximately 10,744 wage statements to approximately 1,226 non-exempt employees in California. Assuming a 100% violation rate for inaccurate wage statements based on Plaintiff's allegations, Plaintiff's Sixth Cause of Action places into controversy at least **$993,000** in statutory penalties.

34. The preponderance of the evidence demonstrates that Plaintiff's alleged amount in controversy is at least **$5,475,768** and therefore above the minimum threshold of $5,000,000, as established by analyzing just three of Plaintiff's ten causes of action. Plaintiff's other seven causes of action, including for failure to pay overtime, failure to provide rest breaks, failure to pay minimum wages, failure to reimburse business expenses, failure to timely pay wages during employment, failure to keep requisite payroll records, and unfair business practices would increase the amount in controversy even further beyond the jurisdictional minimum of $5,000,000

### 4. The Complaint Also Seeks Recovery Of Attorneys' Fees That Courts May Consider for Determining the Amount in Controversy.

35. Plaintiff seek to recover attorneys' fees under various provisions of the Labor Code, including under Labor Code section 226. Compl. ¶¶ 55, 79, 117 Prayer for Relief ¶¶ 8, 15, 27, 51, 56. Although Tiffany and Company denies Plaintiff's claim for attorneys' fees, future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793-94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Courts in the Ninth Circuit "have treated a potential 25% fee award as reasonable" in wage and hour class actions removed under CAFA. *See Anderson v. Starbucks Corp.*, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 41574784.7

12

DEFENDANT'S NOTICE OF REMOVAL

36. Therefore, although Tiffany and Company has plausibly alleged that the amount in controversy without attorneys' fees exceeds $5,000,000, the inclusion of attorneys' fees as allowed by Ninth Circuit law further increases the amount in controversy above the minimum threshold for CAFA jurisdiction.

## IV. VENUE

37. This action was originally filed in Los Angeles County Superior Court. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

38. Tiffany and Company will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

39. Based on the foregoing, Tiffany and Company respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Tiffany and Company respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: September 29, 2021              MORGAN, LEWIS & BOCKIUS LLP


By /s/ Carrie A. Gonell
   Carrie A. Gonell
   Nancy Nguyen
   Mayra Negrete
   Attorneys for Defendant
   TIFFANY AND COMPANY

# PROOF OF SERVICE

*Tim Bermejo v. Tiffany & Company*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, California 92626.

On September 29, 2021, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

[ X ] **BY MAIL: -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT MAIL: By overnight courier,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ] **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by First Legal Support to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ] **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission pdf document(s) listed above to the person(s) at the e-mail address(es) set forth below on September 29, 2021. The transmission was reported as complete and without error. My e-mail address is brandy.george@morganlewis.com.

[ ] **BY E-FILE SERVICE:** the parties listed below were served electronically **THROUGH ONE LEGAL** with the document(s) listed above by e-mailed PDF files on September 29, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is cindy.hachiya@morganlewis.com.

-2-

**LAWYERS FOR JUSTICE, PC**
Edwin Aiwazian
410 West Arden Ave., Suite 203
Glendale, CA 91203
Tel: 818.265.1020
Fax: 818.265.1021
Email: edwin@calljustice.com

*Attorneys for Plaintiff*
*TIM BERMEJO*

[ ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on September 29, 2021, at Costa Mesa, California.

_____
Cindy J. Hachiya